IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-15-0539 |
| TERRY L. LANGFORD, a/k/a "Larry Lamont Bush" | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION FOR NEW TRIAL WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES (ECF No. 203). The Court has carefully reviewed the Motion and the accompanying Memorandum as well as the Government's RESPONSE (ECF No. 205) and the Government's SUPPLEMENTAL MEMORANDUM OPPOSING THE DEFENDANT'S MOTION FOR A NEW TRIAL (ECF No. 211). In addition to reviewing the papers, the Court conducted an evidentiary hearing that included testimony from three Assistant United States Attorneys and Defendant Langford.

This case presents some unusual circumstances. While the Court is troubled, in this instance, that within the United States Attorney's Office apparently the right hand did not know what the left was doing, from all of the information available to it, the Court concludes that there was no intentional or knowing suppression of *Brady-Giglio* information by the prosecutors in this case. The Court concludes no evidence shows that any of the prosecutors involved with either this case or that of *United States v. John Doe a/k/a Cheyenne Moody Davis*, Crim. No. ELH-17-0054, operated in bad faith to withhold from Defendant evidence relating to John Doe's credibility.

Of far greater significance to its ruling, though, is the Court's conclusion that the information about Doe was really only of an impeaching nature. Nothing that came to light after the trial in this case casts doubt on the core, operative facts. The testimony of Doe was largely corroborated by other witnesses and, therefore, merely cumulative. In itself, Doe's testimony provided background about the genesis of the investigation that led up to Defendant's indictment; his testimony simply helped to move the story along and filled in chronological gaps about an event that was not the subject of a charged offense. Doe's testimony was not critical to establishing any required element of the charged offenses. Ample other evidence, including video recordings, still pictures, physical evidence seized from Langford, testimony from other witnesses as to Langford's transactions or attempted transactions with counterfeit credit cards, and law enforcement testimony as to Langford's admissions of wrongdoing provided overwhelming support for the jury's verdict of guilty.

Ultimately, the strange circumstances revealed after the trial are of no moment and they cast no shadow over the integrity of the verdict in this case. Accordingly, the MOTION FOR NEW TRIAL (ECF No. 203) is DENIED.

DATED this 12th day of April, 2018.

BY THE COURT:

/s/
James K. Bredar
Chief Judge