IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0539 |
| TERRY L. LANGFORD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

The Defendant Terry L. Langford was sentenced to a period of 121 months' imprisonment for several counts of bank fraud and aggravated identity theft. (ECF No. 201.) Langford has served roughly 48% of his sentence and is currently incarcerated at Butner Medium I FCI. After the onset of the COVID-19 pandemic crisis, Langford filed an Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 240); see *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Langford's motion will be DENIED.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

1

defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Langford filed a request for a compassionate release with the warden of his institution on April 28, 2020, and his request was not answered for over thirty days. (ECF No. 240 at 3.) On May 19, 2020, Langford filed an administrative remedy request for an appeal. (ECF No. 240-1.) The government does not dispute that Langford has satisfied the procedural requirements of § 3582(c)(1)(A). Therefore, the Court must determine: (1) whether Langford has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

## I. *Extraordinary and Compelling Reasons*

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C.

2

2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id.*; *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Langford, who is fifty-nine years old, suffers from a number of health conditions, including obesity. (ECF No. 240 at 1.) The CDC lists obesity as a health condition that increases one's "risk of severe illness from COVID-19." *See* Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed Oct. 19, 2020). The Court agrees with Langford's assessment—which the government does not dispute—that his health situation satisfies the "extraordinary and compelling" reasons requirement.

Langford contracted COVID-19 in April 2020 and appears to have had a mild case from which he has recovered. (*See* ECF No. 242-2 at 22.) Although Langford's relatively quick recovery from COVID-19 does not demonstrate that he faces no risk of severe illness, it may

3

indicate that he is less vulnerable to severe illness than are other inmates. Further, though Langford's risk of contracting COVID-19 at FCI Butner Medium I is not zero, conditions at that facility are much better than they were in the spring. The BOP website reports that only one staff member and zero inmates have currently tested positive at that facility. *See* COVID-19 Cases, BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last accessed Oct. 19, 2020).

In sum, although Langford is perhaps not among the group of inmates with the very highest risk of severe illness or death, the evidence before the Court indicates that he is still at a substantially elevated risk from COVID-19. Taking into account his vulnerability, including the fact that he has already contracted the virus (whichever way that cuts), and considering the totality of the circumstances, the Court concludes that Langford has presented extraordinary and compelling reasons for sentence reduction.

## *II.   Section 3553(a) Factors*

Having determined that Langford has presented "extraordinary and compelling reasons" supporting compassionate release, the Court must still consider whether the § 3553(a) factors permit Langford's release. Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

4

The Court has reviewed the § 3553(a) factors and finds that those factors do not favor Langford's release. While Langford has suffered from difficult personal experiences, including abuse and mental illness, the Court is troubled by Langford's pattern of repeatedly committing the same type of offense. As the Court noted at sentencing, Langford has an "extreme" prior record consisting of twenty-one or twenty-two prior convictions involving "small-scale financial frauds" and "has either been charged or arrested 28 other times." (ECF No. 201 at 53, 58.) The Court's responsibility to protect the public from future frauds and identity thefts was the "most significant" factor underlying Langford's sentence. (*Id.* at 57.) Given Langford's repeated tendency to engage in financial frauds, despite multiple prior periods of incarceration, the Court has serious concerns about Langford's risk of recidivism upon release.

Denying compassionate release is not a decision the Court makes lightly. The Court acknowledges the very real danger posed by the COVID-19 pandemic, and the serious concern that Langford and his family undoubtedly feel. Were it within the Court's power to reduce that danger while still imposing a fitting sentence on Langford, the Court would do so. But having considered the factors enumerated under § 3553(a), the Court finds that release at this time would be inappropriate and that the existing sentence remains the sentence that is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a). Langford's Motion for Compassionate Release (ECF No. 131) is accordingly DENIED.

DATED this 20 day of October, 2020.

BY THE COURT:

*James K. Bredar*

James K. Bredar
Chief Judge

6