IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0539 |
| TERRY LANGFORD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Terry Langford was sentenced to 120 months' incarceration in 2017 after she was convicted of several counts of bank fraud and aggravated identity theft.[1] (Jury Verdict, ECF No. 129; Judgment, ECF No. 185.) In 2020, Langford filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A),[2] citing the COVID-19 pandemic and her various health conditions, (ECF No. 240), which this Court denied. (ECF No. 251.) In 2021, Langford filed a second Motion for Compassionate Release, (ECF Nos. 266, 270), again based on the pandemic and her health-related vulnerabilities, which this Court again denied. (ECF No. 281.) Now pending is Langford's third Motion for Compassionate Release, (ECF No. 282), in which she seeks early release due to "another severe COVID variant outbreak" at her place of confinement and "family need." The Court will deny the instant Motion because Langford has not established an extraordinary and compelling reason warranting her early release.

---

[1] Langford is female but was assigned male at birth. (*See, e.g.*, ECF No. 275-1 at 177.)

[2] As explained in the Court's prior memoranda, (ECF Nos. 251, 281), under § 3582(c)(1)(A), a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." "[D]istrict courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 274, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

With respect to COVID-19, Langford provides no new information about either her underlying health conditions or her risk of contracting a serious COVID-19 infection that would change the Court's earlier assessment that there is "significant uncertainty as to whether her medical conditions qualify as an extraordinary and compelling reason warranting compassionate release." (ECF No. 281 at 4.) Further, Langford indicates that she has "been vaccinated and [had] at least one booster in November 2021," (ECF No. 282 at 3), a fact that "tips the balance against such a finding in Langford's case." (ECF No. 281 at 4 (citing *United States v. Sanders*, Crim. No. SAG-06-087, 2021 WL 1428546, at \*3 (D. Md. Apr. 15, 2021) ("[T]he highly effective available vaccines dramatically affect whether" an incarcerated petitioner's "medical conditions constitute the 'extraordinary and compelling reason' required to further consider compassionate release.")).)

The Court also does not find that Langford's family circumstances constitute an extraordinary and compelling reason for compassionate release. Langford has been "designated [the] live-in care provider" for her "elderly wheelchair confined mother," and she seeks early release for that reason. The United States Sentencing Commission, pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has stated that such reasons exist where certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a spouse or partner. *See* U.S.S.G. § 1B1.13 cmt. n.1 (C). While the Court recognizes the importance of the need for Langford's mother to receive necessary care, Langford has not established that she is the only available caregiver. (*See generally* ECF No. 282.) Moreover, Langford contends that she is scheduled to be released from BOP custody in fewer than 60 days, and she has offered no evidence

2

that her mother's need for live-in care is urgent enough to require Langford to be released earlier than scheduled.³ (*See generally id.*)

Accordingly, it is hereby ORDERED that Langford's Motion for Compassionate Release (ECF No. 282) is DENIED.

DATED this 4 day of April, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

³ Because the Court finds no extraordinary and compelling reason warranting a grant of compassionate release, it need not analyze the § 3553(a) sentencing factors—but it notes that Langford has provided no additional evidence that would alter its recent conclusion that the "factors continue to weigh against granting her Motion." (ECF No. 281 at 5.)

3